**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FLEMING COMPANIES, INC. et al., | ) ) | Case No. 03-10945 (MFW) |
| Debtor. | ) | Jointly Administered |
| _____ | ) ) | |
| POST CONFIRMATION TRUST OF FLEMING COMPANIES, INC., | ) ) | Adv. Pro. No. 04-52747 |
| Plaintiff, | ) | |
| v. | ) ) | |
| TARGET CORPORATION, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of the Post Confirmation Trust of Fleming Companies, Inc. ("the Plaintiff") for leave to amend its Complaint and the opposition thereto of Target Corporation ("the Defendant"). For the reasons set forth below, we will grant the Motion.

I. FACTUAL BACKGROUND

On April 1, 2003, Fleming Companies, Inc. ("the Debtor") and several of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Prior to the petition date, the Debtor was engaged in the business of supplying consumer package goods to supermarkets and convenience stores.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

The Defendant purchased grocery items from the Debtor for resale to consumers through its Super Target stores.

On February 20, 2004, the Debtor filed a complaint against the Defendant for fraud, breach of contract, and turnover of property of the estate. A case management order was entered on March 25, 2004, setting a deadline, <u>inter alia</u>, to amend pleadings of July 30, 2004. Pursuant to the Debtor's Joint Plan of Reorganization which was confirmed on July 27, 2004, this adversary has been assigned to the Plaintiff.

On January 20, 2005, the Plaintiff filed a Motion for leave to amend the complaint to modify language in its turnover of property count and to add a new claim for breach of contract in violation of the automatic stay.

In its original turnover of property count, the Debtor asserted that the money owed it by the Defendant pertained to certain pre-petition invoices.[2] The Plaintiff seeks to modify the turnover count to contend that the invoices for which it seeks payment are post-petition. In drafting the original complaint, the Debtor relied upon information from the Defendant that the funds it was withholding were for pre-petition invoices. However, as the result of discovery and statements made by the Defendant in pleadings related to the parties' cross motions for

---

[2] The pre-petition nature of the turnover claim was also asserted by the Debtor in its statement of facts at paragraph 29 of the complaint.

summary judgment, the Plaintiff now believes that the Defendant is withholding funds due for post-petition invoices.

With respect to the Plaintiff's additional breach of contract claim, the amended complaint does not assert a different breach of contract from the one asserted in the original complaint.  Instead, the Plaintiff now asserts that the breach of contract occurred post-petition and, therefore, was in violation of the automatic stay.  The Plaintiff also asserts that the timing of the alleged breach only became apparent from statements made by the Defendant in the pleadings related to the motions for summary judgment.

On January 30, 2005, the Defendant filed an objection to the motion and on February 10, 2005, the Plaintiff filed its reply. Briefing is complete and this matter is ripe for decision.

II. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (E) & (O).

III. DISCUSSION

    A.    Leave to Amend under Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure[3] a

---

[3] Rule 15 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7015 of the Federal Rules of Bankruptcy Procedure.

3

party may amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Since the Defendant has answered the Complaint long ago, leave to amend is required.

"[T]he grant or denial of an opportunity to amend is within the discretion of the . . . Court." Foman v. Davis, 371 U.S. 178, 182 (1962). The Supreme Court has instructed that leave should be "freely given" in the absence of any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 182.

In evaluating the Foman factors the Third Circuit has stated that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. OSHRC, 573 F.2d 820, 823 (3d Cir. 1978). See also, Lorenz v. CSX Corp., 1 F.3d 1406 (3d Cir. 1993).

The amount of prejudice needed to justify the denial of leave to amend is significant; it must be "substantial or undue." Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (citing Lorenz, 1 F.3d 1406). For example, inconvenience to a party or the strengthening of the movant's legal position does not provide

4

sufficient prejudice.  Cuffy v. Getty Ref. & Mktg. Co., 648 F.Supp 802, 806.  "The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted."  Cureton, 252 F.3d at 273 (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)).  We should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Id.  Also, these factors must materially impact the nonmoving party's case.  The Third Circuit has held that the nonmoving party must "demonstrate that its ability to present its case would be seriously impaired were amendment allowed."  Dole v. Arco, 921 F2d 484, 489 (3d Cir. 1990)(emphasis added).

    1.  Prejudice

The Defendant urges us to deny the Motion under Rule 15(a) because it will result in prejudice and has been brought with undue delay.  The Defendant's main argument[4] is that the amendment will not only require additional discovery, but will require that much of the discovery already conducted be redone.  The Defendant supplies a list of ten topics that it asserts would have resulted in different and additional questions of at least eight witnesses already deposed.

---

[4] The Defendant also argues prejudice since it may have adopted different strategies, and taken different positions, on some points had it known of the Debtor's proposed amendment earlier.  However, the Defendant has not elucidated this argument and therefore we cannot consider it.

The Plaintiff disagrees with the Defendant's view of prejudice and the need for additional discovery.  With respect to the amendment of the turnover count, the Plaintiff argues that any additional discovery could be conducted easily and provides the names of relevant witnesses who are readily available if needed.  Since the Defendant would not be precluded from developing any needed evidence, the Plaintiff concludes that there is an insufficient amount of prejudice to deny the leave.

With respect to the additional count, the Plaintiff argues that no additional discovery is warranted.  The Plaintiff argues that significant discovery has already been conducted on all of the topics on the Defendant's list, which relate to the breach of contract.  The only additional issue raised by the amendment relates to damages.  If the breach occurred post-petition, the Plaintiff asserts it was a violation of the automatic stay. Consequently, attorneys fees, costs and punitive damages may be available under section 362(h).  See, e.g., Cuffee v. Atlantic Bus. & Cmty. Dev. Corp. (In re Atlantic Bus. & Cmty. Dev. Corp.), 901 F.2d 325, 329 (3d Cir. 1990); Budget Serv. Co. v. Better Homes of Va., 804 F.2d 289, 292 (4th Cir. 1986).  But see, Sosne v. Reinert & Duree, P.C. (In re Just Brakes Corp. Sys.), 108 F.3d 881, 884 (8th Cir. 1997); Johnston Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 619 (9th Cir. 1993); Maritime Asbestosis Legal Clinic v. LTV Steel Co., (In re Chateaugay Corp.), 920 F.2d

6

183, 185-86 (2d Cir. 1990). The Plaintiff contends that it would not be difficult to conduct discovery on the limited issue of additional damages on an expedited basis.

Although we recognize that the Defendant may be required to conduct further discovery in order to adequately present its case, that by itself does not establish substantial prejudice. See, e.g., Dole, 921 F.2d at 489. In this case, the facts and circumstances relating to the proposed amendments are closely intertwined with the allegations set forth in the original complaint. The Plaintiff is not asserting a new count with unrelated facts that would require the parties to start discovery anew. Further, the Defendant cannot be surprised that the Plaintiff is now amending its complaint to conform to the "new" facts recently asserted by the Defendant regarding the pre or post-petition nature of the funds it is withholding. We are not persuaded that any additional or new discovery would be overly burdensome to the Defendant. Therefore, we conclude that the prejudice in this case is not substantial or undue.

    2.  Undue Delay

In cases where substantial or undue prejudice is lacking, leave to amend may be denied, but it "must be based on bad faith, dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz, 1 F.3d at 1414.

The Defendant asserts that leave should be denied in this case because the Plaintiff delayed in filing its motion.  The Defendant notes that the Plaintiff's motion for leave to amend was filed eleven months after the original complaint was filed and provided no adequate explanation for the delay.  Further, the Defendant asserts that the proposed amended complaint contains no newly discovered facts.

The Plaintiff responds that the delay is a result of actions taken by the Defendant.  The Plaintiff asserts that the need to amend arose because the Defendant attempted to rewrite history in the Defendant's Motion for summary judgment.  The Plaintiff further asserts that the count for violation of the automatic stay could not have been filed earlier because the Defendant only recently stated its view that the parties' agreement required an annual versus monthly construction.  Under such a construction, the Plaintiff argues that the Debtor was in compliance with the agreement as of the petition date and, therefore, the breach of that agreement by the Defendant (by seeking to terminate it on the basis that the Debtor was in default) must have occurred post-petition.

Delay by itself does not support a denial of leave to amend; "however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . ."  Adams, 739 F.2d at 868 (3d Cir. 1984).  "The question of undue delay . . . requires

that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier . . . ." Id.

The Defendant correctly notes that this Court has found undue delay where an amendment was brought many months after the original complaint was filed, no excuse was offered to explain the delay, and the proposed amendment did not contain any newly discovered facts. See, e.g., In re Vision Metals, Inc. v. SMS Demag, Inc., 311 B.R. 692, 702 (Bankr. D. Del. 2004). However, that case is distinguishable. In this case, the Plaintiff alleges the amendment is required to address contradictory positions taken by the Defendant and additional facts that came to light through discovery.[5] Thus, we find sufficient facts justifying the delay.

B. Modification of Scheduling Order under Rule 16(b)

Under Rule 16(b) of the Federal Rules of Civil Procedure[6] deadlines established by a scheduling order "shall not be modified except upon a showing of good cause." However, a "court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the

---

[5] We also find that this is not a case where there has been undue delay caused by the movant's numerous other opportunities to amend. See e.g., Lorenz, 1 F.3d at 1414; Cureton, 252 F.3d at 273.

[6] Rule 16 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7016 of the Federal Rules of Bankruptcy Procedure.

9

extension." See e.g., Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463 (D. N.J. 1990).

The Defendant argues that we should deny the motion to amend because it is in violation of the scheduling order entered in this case. The Plaintiff asserts that it has diligently worked to meet all of the Court's scheduling deadlines. In its view, the need for amendment is the result of actions taken by the Defendant. The Defendant counters that the Plaintiff has not been diligent because the amended complaint is based on facts known by the Plaintiff prior to the deadline for amendments.

Diligence on the part of the Plaintiff has little if any correlation in this case with its need for leave to amend. As discussed above, the Plaintiff is requesting leave primarily because the Defendant has taken new positions in pleadings relating to the parties' cross motions for summary judgment and additional facts came to light through discovery. Therefore, we find the Plaintiff has been diligent and accordingly has met the good cause standard under Rule 16.

IV. CONCLUSION

For the reasons set forth above, we will grant the Motion for Leave to Amend. As a result, we will permit additional discovery on the matters raised by the amended complaint. The parties should consult and provide the Court with an amended

scheduling order.  We will also not consider the pending cross motions for summary judgment until after the additional discovery has been completed and the parties have been given an opportunity to amend those motions.

    An appropriate order is attached.


Dated: April 19, 2005                BY THE COURT:

*Mary F. Walrath* (signature)

Mary F. Walrath
United States Bankruptcy Judge